ELON G. JOHNSON AND URI JOHNSON *v.* ABIJAH MUZZY.

*Landlord and Tenant. Mortgagor and Mortgagee. Release. Quit-claim Deed. Pleadings. Covenant. Offset. Demurrer.*

A quit-claim deed of the leased premises from a lessor to a lessee does not operate as a release of the rent which had accrued at the date of such deed.

The mere fact that a tenant is a mortgagee after condition broken, will not absolve him from the payment of the rent, he giving no notice of an intention to terminate the relation of landlord and tenant existing between him and the mortgagor, and doing nothing equivalent to giving such notice.

A decree of foreclosure, in which the time of redemption is extended beyond the life of the lease, will not of itself operate as such notice, or for any reason terminate the mortgagee's relation as tenant to the mortgagor.

A plea in offset may be joined with a plea of *non est factum* and pleas in bar.

ACTION for the breach of a covenant to pay rent, contained in a lease, under seal, of a chair-factory, saw-mill, tools, etc., from the plaintiffs to the defendant, dated August 20, 1862, for two years from date, at a rent of $150 for the first year and $200 for the second year, the defendant therein covenanting to pay $30 of the first year's rent to one Livermore, and to endorse the balance thereof, $120, on certain notes he held against said Elon G., called the Shumway notes, and to endorse the second year's rent, $200, on a certain note held by him, secured by a mortgage of said saw-mill, which is the covenant for the alleged breach of which this suit is brought.

Pleas: 1. *Non est factum.* 2. Payment of said sum of $30 to Livermore, and as to the residue of said rent, that the defendant, on the 16th day of March, 1864, "settled with the said Uri, and paid him a valuable consideration therefor, to his full satisfaction, and the said Uri released to this defendant all of his

claims therefor and interest therein, and to the premises, etc., in said indenture mentioned by his deed by him signed, etc., and ready in court to be produced." 3. Payment of said sum of $30, and that the defendant accounted with said Uri, and paid him a valuable consideration for the residue, viz: $320, etc. 4. Payment of said sum of $30; and *actio non* as to all the rent to be endorsed on said notes accruing after May 2, 1863, because prior to the execution of said lease the defendant held certain mortgages of said premises and property, which he caused to be foreclosed by petitions at the April term, 1863, of the court of chancery for Windham county, the decrees being dated May 2, 1863, and the time of redemption expiring October 1, 1864, after which last date the title to said premises and property became absolute in the defendant. 5. Plea in offset for money had and received, etc., and covenant broken.

Replication: 1. Joinder of issue on plea of *non est factum.* 2. To the second plea, sets out, on oyer, a quit-claim deed of the said leased premises and property from the said Uri to the defendant, dated March 16, 1864, and demurs generally. 3. To the third plea, *de injuria absque hoc,* concluding to the country. 4 and 5. To the fourth and fifth pleas, a general demurrer, and also to the fifth a special demurrer, assigning the following causes: "Said fifth plea is a plea in offset, and said Abijah did not, before pleading the same, either plead the general issue to, or confess the cause of action of the said Elon G. and Uri; and said fifth plea is a plea in offset, and is pleaded by the said Abijah after he had pleaded several special pleas in bar to the declaration."

The county court, at the April term, 1869, BARRETT, J., presiding, *pro forma,* overruled the demurrer, and adjudged the defendant's pleas to be sufficient, and rendered judgment for the defendant, to which the plaintiffs excepted.

*Waterman & Read* for the plaintiffs.

*Abishai Stoddard* for the defendant.

The opinion of the court was delivered by

STEELE, J. The plaintiffs demur to the second, fourth and fifth pleas.

I. In the second plea the defendant alleges the payment of thirty dollars in part satisfaction of the plaintiffs' claim for rent, and as to the residue of said rent, pleads a release from Uri Johnson. Had the plea set forth simply a payment to and release by Uri, the question would legitimately arise as to the effect of a release by one of the plaintiffs alone. But the plea does set forth a release as per deed "March 16, 1864, ready in court to be produced." The plaintiffs crave oyer of the deed, and set it out upon the record. The deed proves to be a conveyance of the land and premises, together with the tools and machinery thereon, but does not profess to release or acquit any claim for the prior rent of the same. If this deed operates to release the prior right, it is by virtue of no express words to that effect, but simply by reason of the legal effect of the conveyance of the property out of which the rent had arisen. The prior rental of the property was not an appurtenance connected with it or belonging to it, but an entirely independent debt. In this case it happens that the grantee of the deed had himself been a tenant of the property. If the deed had been given to a person who had never occupied the estate, it is not claimed that it would operate to assign to the grantee the plaintiffs' right to the past rent of the premises. It is difficult to see why the deed should be effective to convey more, if one person is named in it as grantee, than if another is so named. As the plea professes to answer the whole claim for rent, and is not a good answer to the claim for rent which accrued prior to the date of the deed, it is insufficient. The plea being clearly insufficient for this reason, we have no occasion to consider the other objections to it.

II. The fourth plea professes to answer the plaintiffs' claim for rent which accrued subsequent to the 2d day of May, 1863, by alleging that the defendant, at that date, procured decrees in chancery foreclosing mortgages, which he then held upon the premises, the time of redemption being extended by agreement until October 1, 1864. On the 2d day of May, 1863, the defendant was in

possession of the property as tenant to the plaintiffs under a stipulation to pay the plaintiffs' rent at the price agreed.

The mere fact that the tenant was a mortgagee, after condition broken, would not absolve him from the payment of the rent, he giving no notice of an intention to terminate his relation as tenant, and to hold as mortgagee after condition broken, and doing nothing tantamount to giving such notice. The question then is whether the taking of a decree of foreclosure would operate as such a notice, or for any reason would terminate the defendant's relation as tenant to the mortgagors. The decree of foreclosure does not in itself give the party, in whose favor it is made, the right to the possession until the day of redemption has expired. The defendant did not, in any of his proceedings, ask possession as mortgagee until after the day of redemption should expire. The mortgages existed when the lease was made. By agreement, the time of redemption was extended to a time beyond the life of the lease. In fixing upon the amount of the decree, no deduction was made for the prior rent. A decree was taken precisely as if there was no lease, or as if the tenant was a third person and stranger to the mortgage. The fair meaning of the whole transaction, as set forth in the declaration and fourth plea, is that it was understood by the parties that the decree should not disturb the operation of the lease. The defendant must, therefore, be taken to have voluntarily remained in possession during the life of the lease, as tenant, and not as mortgagee. The fourth plea is therefore insufficient.

III. A question is made as to the right, under our statute, to join a plea of offset with a plea of *non est factum* and pleas in bar. We think such pleading regular, and countenanced by long practice under the statute. The damages not being settled, this plea does not warrant a final judgment here.

The result is that judgment is reversed, and it is adjudged that the second and fourth pleas are insufficient, and the fifth sufficient, and the cause is remanded to the county court.