RICHARD A. STEPHENSON, *Appellee*, v. NELSON M. PATTON *et ux.*, *Appellants*, and FRANK V. McCARTY *et al.*, *Appellees*.

No. 17,087.

SYLLABUS BY THE COURT.

1. DEED—*Life Estate—Mistake—Presumptions.* .Where a deed to a tract of land is made from a husband to his wife which by its terms conveys to her the fee therein and reserves to himself a life estate, and such deed is placed of record; and where thereafter the terms of the deed are called to the attention of both the grantor and the grantee, and each asserts that there

has been a mistake in the making of the deed as written, and that the intention of each was that the grantor was to convey only a life estate to the grantee and reserve the fee to himself; still if it appears that both the grantor and the grantee lived for several months thereafter and took no steps to correct the mistake of record, it will be presumed that both the grantor and the grantee ratified and confirmed the deed as recorded, and no trust arose from such transaction.

2. QUITCLAIM DEED—*What it Conveys—Rents and Profits.* A quitclaim deed to land does not convey to the grantee therein any account or claim for rents or profits of the land which the grantor may have had at the time of the conveyance.

3. COTENANT IN POSSESSION — *Improvements — Taxes — Offset.* Where a cotenant of land has for years had the possession and has received the rents and profits thereof, and has made valuable improvements and paid the taxes thereon, the benefits will, as between the one in possession and cotenants out of possesion, be offset from time to time, as justice may require, against the improvements and taxes; but where in such case the aggregate of such benefits exceeds the value of the improvements and taxes, a grantee, in a quitclaim deed of the rights of the cotenant out of possession, can not in an action of partition recover judgment against the cotenant in possession for such excess.

Appeal from Chase district court. Opinion filed February 10, 1912. Reversed.

*John Madden,* and *F. P. Cochran,* for the appellants.

*Henry E. Ganse,* and *J. G. Hutchison,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: Prior to May 13, 1891, one John Patton, father of appellant Nelson M. Patton, was the owner of the land which is the subject of this action in partition. John Patton and his wife, Maria, had no children from their marriage, but each had children by a former marriage and each was at this time advanced in years. At the date stated John Patton executed, and caused to be recorded, a deed conveying the land to his wife, Maria, reserving to himself a life

estate therein.  There is evidence that soon after the
recording of the deed both parties thereto stated, in
effect, that there was a mistake in the deed and that it
was the intention of each that John Patton should con-
vey a life estate in the land to Maria Patton and retain
the fee in the land in himself.  Maria Patton died
March 13, 1893, and John Patton died April 29, 1893.
Upon the death of his father, appellant Nelson M.
Patton bought the interests of his brothers and sis-
ters, the only heirs at law of John Patton, took posses-
sion of the land, and for more than fourteen years be-
fore the commencement of this action continued in the
exclusive possession thereof.  During the years 1906-
1907 one of the appellees, Stephenson, procured quit-
claim deeds of some of the heirs of Maria Patton to
their interests in the land, and on July 2, 1907, com-
menced this action for a partition and for an account-
ing of the rents and profits thereof.  Nelson M. Patton
and wife answered as follows: (1) General denial;
(2) exclusive possession for more than fifteen years;
(3) mutual mistake in the making of the deed from
John Patton to Maria Patton; (4) that in the settle-
ment of the estate of John Patton, the heirs of Maria
Patton agreed to make no claim to any part of the es-
tate; that acting thereon, Nelson M. Patton took pos-
session of the land as his own, made improvements
thereon, and the plaintiffs were estopped thereby; (5)
that Nelson M. Patton had acquired title to the land by
a tax deed, and (6), by way of cross-petition, asked for
a reformation of the deed from John Patton to Maria
Patton.  The prayer of the answer was that the title be
quieted in Nelson M. Patton, or if the court should find
that he was not the exclusive owner thereof, that he be
allowed for taxes paid and improvements made
thereon.

A reply was filed as follows: (1) General denial; (2)
that the allegations of mutual mistake made in the
deed of May 13, 1891, were barred by the statute of

limitations; (3) that within ninety days from the execution of the deed of May 13, 1891, John and Maria Patton had full knowledge of the terms and provisions thereof and with such knowledge allowed such deed to stand and remain unchanged, and thereby ratified and confirmed the same.

The trial of the action was without a jury, and the court found that the tract of land contained thirty-two and one-half acres, more or less. It also found that a deed thereto was made from John Patton to Maria Patton but made no finding of fact as to the alleged mistake in the deed; that upon the death of Maria Patton, John Patton became the owner of an undivided one-half interest in the premises and each of her five children became the owner of an undivided one-tenth thereof; that during the year 1893 Nelson M. Patton acquired the interests of all his brothers and sisters and thereby became the owner of an undivided one-half interest therein and took possession thereof; that at the commencement of this action, Nelson M. Patton owned an undivided forty-eight-eightieths of the real estate and the appellees thirty-two-eightieths thereof; that appellant had paid the taxes from 1893 to 1908, inclusive, amounting to $219.72, and had placed improvements thereon of the value of $1100; that the appellant had had the use and occupation of the premises from 1894 to 1906, and the rental value of the premises for these years was $125 per annum; and for the years 1907, 1908 and 1909 the rental value was $150 per annum. The court also found that appellant had full knowledge of the deed from his father to Maria Patton and the interests of her heirs in the premises; that the taxes on the land, for which the tax deed was issued, accrued while the appellant was in possession and while it was his duty to pay them; that the appellees' grantors did nothing to induce appellant to believe they had waived their rights to the land; that they were all nonresidents of the state of Kansas and had had no

Stephenson v. Patton.

actual knowledge of the improvements made upon the land by the appellant. ·

As conclusions of law the court found that the appellees were seized in fee of thirty-two-eightieths interest in the premises and the appellant forty-eight-eightieths thereof; that the appellee was entitled to recover of the appellant $292.67 after deducting improvements and taxes, and the sum is declared to be a lien on the interest of the appellant in the land. Partition was awarded and costs divided according to the interests as found.

It is contended by appellant that the undisputed evidence shows that the deed from John Patton to Maria Patton on May 13, 1891, did not effect the intentions of the parties thereto but by mutual mistake conveyed the fee in the land to Maria Patton and reserved a life estate therein to John Patton, and that appellant in an action more than fourteen years thereafter could have the mistake corrected. The court held that this claim of appellant was barred by the statute of limitations. The evidence shows that both parties to the deed lived for nearly two years after the alleged discovery of the mistake, and in the absence of evidence to the contrary they will be presumed to have been competent to have rectified the mistake. Under such circumstances it will be presumed that they changed their minds and ratified the deed as recorded. This presumption debars the appellant at any time after his father's death from maintaining an action to correct the mistake.

Although legal conclusions seem commingled with the findings of fact, the findings as to the respective interests of the parties in the land seem to be in accord with the evidence.

The court found that appellant has made improvements on the land in good faith and honestly, of the reasonable value of $1100, and has paid taxes amounting to $219.72; also, in effect, that the value of the use

of the premises from the time the appellant commenced his occupation thereof to the time of the trial is $825, and still renders judgment against appellant for $219.67. Whether interest was allowed on either side does not appear.

Rent is expressly allowed from 1894 to 1909, and it as clearly appears from the findings that appellee Stephenson acquired the several interests of the heirs of Maria Patton in the land in the years 1906 and 1907.

Generally a claim for rent is a chose in action and, of course, can not be a lien against the land of the claimant for the use of which the claim arises. Even "a quitclaim deed of the leased premises from a lessor to a lessee does not operate as a release of the rent which had accrued at the date of such deed." (*Johnson et al. v. Muzzy,* 42 Vt. 708, syl.)

A quitclaim deed conveys only the grantor's title to the land described therein. (*Young v. Clippinger,* 14 Kan. 148; *Knight v. Dalton,* 72 Kan. 131, 83 Pac. 124; 13 Cyc. 652.) The quitclaim deeds, produced in evidence by Stephenson, conveyed to him all the interest which the grantor in each deed had in the title to the land, including whatever right the grantor had to the possession thereof; but such deeds did not convey to Stephenson any claim for rents which had accrued to the grantors, severally, prior to the execution and delivery of each deed.

It is equitable, in an action for partition between a cotenant or cotenants out of actual possession, and a cotenant in possession, that the respective claims for taxes and improvements should be set off from time to time as justice may require. In an action such as this, where the cotenants out of possession have a different proportion of interest in the title to the land and to the possession thereof, and have held such interests for different lengths of time, the adjustment should be made severally as to each of such cotenants, and not jointly, regard being had to the proportion of interest

held by each in the land, and the time each interest was acquired and held.

No error is predicated thereon, but it appears from the findings of fact and conclusions of law that the rights of one cotenant, having one-eightieth interest in the land, were entirely ignored.

The court properly held the tax deed void, which appellant had acquired while he was in possession of the land and in duty bound to pay the taxes; but, of course, the appellant is entitled to credit for the taxes upon which the tax deed is based, as if the tax deed had not been issued.

No exception seems to be taken to the findings as to the respective interests of the parties in the land except the one claim of appellant that he was entitled to reform the deed from his father to his step-mother and thus perfect entire title in himself. This, as we have seen, is not permissible, and the findings of the court as to the respective interests are approved.

With reference to the improvements the court made the following finding:

"Said defendant Nelson M. Patton has also made necessary and proper repairs and improvements on said premises which were fully worth about $700.00 at the time of the commencement of this action, and has also made improvements on said premises which were not necessary but which were made in good faith and honestly made for the purpose of improving the property, and the same were at the commencement of this action reasonably worth the sum of $400.00."

We construe this to mean that the improvements add to the value of the premises $1100, and that the appellant should have credit for that amount.

The judgment is reversed and the case is remanded with instructions to compute and determine the interests of the parties in the rents and profits in accordance with the views herein expressed; and to off-set the same as to each appellee against the amount to which the appellant is entitled for taxes and improvements,

and to award partition in accordance with the provisions of the statute, and also to tax the costs, attorneys' fees and other expenses which may have accrued in accordance with section 648 of the civil code.