No. 18,629.

RICHARD A. STEPHENSON, *Appellee*, v. NELSON M. PATTON, *Appellant*, and FRANK U. McCARTY et al., *Appellees*.

##### HEADNOTE BY THE REPORTER.

PARTITION—*Rents Set Off Against Improvements and Taxes*. As between appellant and his cotenants in a partition suit it was equitable that the rents received by him should be set off against permanent improvements made and taxes paid.

Appeal from Chase district court; FREDERICK A. MECKEL, judge. Opinion filed February 7, 1914. Affirmed.

*John Madden,* of Parsons, for the appellant.

*L. B. Kellogg,* and *Henry E. Ganse,* both of Emporia,. for the appellees.

*Per Curiam:* This was an action of partition and. the principal questions which divided the parties were determined on a former appeal. (*Stephenson v. Patton,* 86 Kan. 379, 121 Pac. 498.) Judgment could not be ordered at that time as the interest of one cotenant had not been determined. It was decided that the conveyance to Stephenson did not carry with it any claim for rents and profits which had accrued to his grantors.. It was also decided that the rents and profits which Patton had received prior to the time Stephenson had purchased an interest in the land exceeded the improvements made and the taxes paid by Patton and that it. was equitable to set off the former against the latter. The case was remanded with directions, and the trial court appears to have correctly interpreted the mandate and faithfully followed directions in the final disposition of the case. The only objection here is that no part of the costs of the lasting improvements made by Patton prior to the time Stephenson acquired his interest in the land was credited to Patton in making an accounting betwen the parties as to rents and profits. of the land since the time of Stephenson's purchase. That question was settled on the former appeal. As between Patton and his cotenants it was equitable that the rents received and enjoyed by him should be set off as against the improvements he had made and the taxes he had paid, and since the benefits which he received exceeded his disbursements by way of improvements he has no ground for complaint.

The judgment is affirmed.