## WILLIAM F. TOLMIE *vs.* THOMAS DEAN.

Essential facts must be alleged in the pleadings.

A complaint against a corporation, upon a contract made with it, without any averment as to its incorporation, or the members of the company, is bad upon demurrer. Such defect may be cured by amendment; but when the defendant goes to trial, without exception, this Court, under the Code, will regard the pleading amended, as it might have been, in the Court below.

The clause in the Civil Practice Act of 1854, providing that an action *may be* dismissed upon the trial—when the plaintiff fails to prove a sufficient cause to the jury, does not render the dismissal *discretionary* with the Court. In such case the words "may be," are equivalent to "must be."

Where a party has once duly excepted to a ruling of the Court, it is not necessary to renew the exception in the motion for a new trial, or in arrest of judgment in order to preserve it.

The want of jurisdiction or the failure to state facts sufficient to constitute a cause of action, are never cured except by supplying the defect. Where it is made apparent to this Court that no cause of action exists, it should take action to dismiss.

The object of the modern codes, is to enable courts to administer justice in such a manner, that a good cause may not be defeated by a legal quibble. Whether a writing offered in evidence, creates a contract, is a question of law, to be determined by the Court.

A new trial should not be granted when apparent by the proofs, it would avail nothing.

ERROR to the Second Judicial District holding terms at Olympia.

Opinion by STRONG, Associate Justice.

This case comes up on the pleadings and bill of exceptions. The pleadings are the complaint, answer and replication. In the title of the cause, in the complaint, the defendant in the Court below, who is plaintiff here, is designated as Wm. F. Tolmie, agent for, and one of the members of a company trading in this Territory, under the name and style of the "Puget Sound Agricultural Company." Dean, the plaintiff, avers, that on the 21st day of October, 1850, he entered into an agreement with the Puget Sound Agricultural Company to labor for them, on Vancouver's Island, for a term of five years, at the rate of sixty pounds a year; that by a subsequent agreement, his place of labor was changed to the Nisqually sheep farm, in this Territory. In consideration of which change, he was to receive one hundred and twenty pounds a year; that he faithfully performed the services required of him under his contract, and has received but seventeen hundred dollars, and that there remains due to him, the sum of thirteen hundred dollars, with interest from May 9, 1856.

Wm. F. Tolmie, who describes himself as agent of the Puget Sound Agricultural Company, answering, admits the execution of the contract of October 21, 1850, and avers that it was a written contract between the parties, by the terms of which the defendant in error, Dean, was to labor five years for the Company, on the north-west coast of America; was to devote his entire time to their service, and was not to engage in any other occupation or employment, or absent himself from his duties as bailiff, without their previous consent. He denies the existence of any subsequent contract by which the terms of the original contract were annulled or varied, and avers that the labor of the plaintiff was performed under the terms of said contract of the 21st of October, 1850, and that he has been fully paid. He then sets forth that the company, by their agents, in a letter dated "Hudson Bay House, London, Nov. 4, 1850," did direct the plaintiff to take passage in a ship, therein named, which was

then about to sail for Vancouver's Island; upon his arrival at which place, his term of five years was to commence, by the terms of his contract. That he was further informed in said letter, that it was the intention of the company to place him in charge of the Nisqually sheep farm, which was upon the north-west coast of America, and within the field of labor prescribed in his contract, and he avers that he was placed upon said farm, as bailiff. The defendant then goes on to set out a portion of the letter of instructions, as follows: "By the terms of your contract, your salary has been fixed at sixty pounds per annum. Any addition thereto, must depend upon the success that attends your labors, and as a stimulus to exertion on your part, I am directed to state that should your conduct merit the approbation of the officer in charge, he will be instructed to make the emoluments of your office equal to a salary of one hundred and twenty pounds per annum, at the expiration of your engagement."

The defendant then denies that Dean did faithfully perform the terms and conditions of his contract, or did merit or receive the approbation of the officer in charge. This answer is sworn to by Tolmie.

The plaintiff replies—full and faithful performance of his contract, but claims that his services were performed under a contract subsequent to the contract of October 21, 1850, which contract is in writing, and is contained in and evidenced by a letter under date of Nov. 4, 1850, addressed to plaintiff, by the agents of the Puget Sound Agricultural Company, a part of which letter is set out in the defendant's answer, and therein called a letter of instructions.

At the March term, 1858, there was a trial, and the jury failed to agree.

At the September term, 1858, the case was tried by a special jury.

At the trial, plaintiff offered the letter of instructions referred to in the pleadings. Objection was made on the ground of irrelevancy. The objection was overruled, and the paper admitted, subject to the exception.

Three witnesses were then called—Dean, Rabjohn, and Ruddell.  To the testimony of Dean and Rabjohn objection was made, on account of the irrelevancy of their testimony, but the objection was overruled, and exception taken.

There seems to have been no objection made to Ruddell, though his testimony was to the same points as that of Dean and Rabjohn.  This appears to have been all the evidence offered by the plaintiff, before resting his case.

The defendant then moved to dismiss the cause, for want of sufficient evidence, which motion was overruled by the Court, and exceptions taken; all of which, together with the evidence up to this time, appears in the bill of exceptions allowed and signed by the Judge, and is brought before us by the record.

The jury returned a verdict for the plaintiff, upon which judgment was rendered against the defendant in the sum of fifteen hundred and ninety-five dollars, and costs of suit.  Whereupon the defendant prosecutes his writ of error to this Court.

Nine cauess of error are assigned.  These may be reduced to three, viz:

1. The pleadings show no sufficient cause of action against Tolmie.

2. The Court erred in admitting the letter of instructions and the testimony of Dean and Rabjohn.

3. The Court erred in refusing the motion to dismiss.

Under these three heads all the errors assigned can be considered.

It is well settled that a party in his pleadings must allege every material fact upon which he founds his right to recover; and while, under our statute, it is not necessary that any particular form of words or legal technicality should be used, it is necessary that the complaint "contain a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition."

One of the facts necessary to be alleged and proved in this case is, that Tolmie was a member of the Puget Sound Agricultural Company, and consequently liable upon that company's

7

contracts. No such allegation appears in this complaint. True, in the title, Tolmie is called agent and member of the company, but by the terms of our statute, the title is to contain the names alone of the parties. The statement therefore in the title can only be considered a description of the person of the defendant, and cannot be relied upon as an allegation of the fact of such membership and consequent liability. The complaint containing an allegation of a contract between the plaintiff and the Puget Sound Agricultural Company, and a liability on the part of the company, without any averment as to the members of said company, or that it was incorporated, is bad, and must have been so held on demurrer.

The defendant appears and answers, taking no exception to the complaint. Had he done so, we think it might have been cured by amendment. As this Court is bound by the statute to consider all amendments as made which could have been made, we think the first ground of error cannot be sustained.

Did the Court commit error in admitting the letter of instructions, and the testimony of Dean and Rabjohn?

The letter of instructions and its construction was, by the pleadings, made the very jist of the controversy, both parties relying upon it, and the plaintiff alleging that it contained the very contract upon which he based his right to recover. We think that it was relevant, and properly admitted.

The testimony of Dean and Rabjohn was directed to the point that the conduct of Dean did merit and receive the approval of Tolmie, the agent and officer in charge of the company's affairs at Nisqually. The plaintiff had made such an allegation, and the defendant had denied it, thus, as the pleadings stood, constituting this one of the issues. The testimony of these witnesses is to loose conversations, in which it was alleged that the defendant, Tolmie, had spoken to these witnesses favorably of the character and conduct of the plaintiff, Dean; and though it is true that it may not have come up to the full measure of what was required to sustain the allegation, yet if it formed a link in the chain of facts necessary to be made out by

the party, it was admissible, and was properly left to the jury to decide upon its sufficiency, and give it such weight as it merited. We are not, therefore, prepared to say that the Court erred in receiving the testimony.

The third and last objection is—ought the Court to have granted the motion to dismiss?

One of the causes for granting a motion to dismiss, as prescribed in the statute, is: "An action may be dismissed by the Court upon notice of the defendant, when upon the trial the plaintiff fails to prove a sufficient cause for the jury." The word *notice* is evidently a clerical error for the word *motion*.

Here we are met with the objection that the language of the statute, by using the term "may be," makes the dismissal of an action *discretionary* with the Court, and that this Court cannot review an error, or abuse, or mistake of the Court below, in the exercise of a discretionary power.

We do not think the judgment of the Court upon a question of law, involving the rights of the parties, a matter of discretion; and though the terms of the statute are "may be," in a case of this kind they are imperative as if "must be" had been used, and should the Court pass against the motion in a case where the evidence introduced by the party, or the entire want of evidence upon some material point made it certain that there was no sufficient cause of action, such decision would be error, and should be reversed.

It is again objected that error cannot now be assigned to the ruling of the Court upon this motion, because the same grounds do not appear to have been taken in a motion for new trial or a motion in arrest of judgment.

The ruling upon this motion was excepted to, and it would be introducing a degree of technicality unknown to the common law, to hold that a party could not take advantage of a material error whereby he was prejudiced, without at least two or three distinct exceptions to the same ruling.

The province of this Court is specially defined, and while among its duties the task of hunting up error, to reverse judg-

ments upon technical grounds, is not imposed; yet where it is apparent upon the face of the record that there is no cause of action, this Court, when called upon, must act.

The embarrassment in this case, arises from the fact that the record shows that the motion to dismiss, was based upon the ground of the want of sufficient evidence. Courts are slow to decide upon the amount of evidence necessary to establish facts as infringing upon the province of a jury, and therefore, where there is any evidence, however slight, it is much the safer practice that the case should go to the jury, under the instructions of the Court. In this case no instructions were asked, and none given, and the attention of the Court below could not have been directed to a full comparison of the evidence with the pleadings, nor could the Court have been specially called upon to express an opinion upon the real point, as it seems to us, of the case.

By the 357th section of the act regulating practice in civil actions, " the courts are required to consider and adjudge upon all errors and mistakes which shall appear in the entire record, by which the plaintiff in error may have been prejudiced, if the same were excepted to at the time," etc., etc.; " *Provided*, That the Court shall consider all amendments which could have been made, as made," etc., etc.

By the 43d section of the same act, it is provided that, " if no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection that the complaint does not state facts sufficient to constitute a cause of action." This section refers more particularly to complaints and the exceptions that may be taken to them, but it is enunciatory of a principle which underlies the foundation of all jurisprudence, namely, that in order to maintain a suit, a party must be before a competent court, one having jurisdiction, and must have a good cause of action.

The object of the law is the obtaining of justice, and the end and aim of modern legislatures, in framing new codes of practice, has been to enable the courts to administer justice un-

trammelled by those technical rules by which a just cause may be defeated, by a legal quibble, thus bringing into discredit, not the courts alone, but the law itself.

It is well settled that want of jurisdiction cannot be waived, and can only be cured by acquiring it, and the want of a good cause of action, which by statute is placed upon the same footing, can never be waived, nor can it be cured, save by supplying the defect. It would be presenting justice in a singular aspect, if, when it was apparent upon the record, that the party had obtained a judgment without any good cause of action, the Court of final review were compelled by technical rules to sanction the wrong.

In this case there is no dispute but that the whole claim of the plaintiff, Dean, to recover, is based upon the letter of Nov. 4, 1850, which he alleges to be the new contract, by which he was to be paid one hundred and twenty pounds a year, instead of the sixty pounds, stipulated in the contract of October 21, 1850. That letter is before us, introduced by the plaintiff himself, and its proper construction is justly a question of law, for the Court to determine; and had the Court been called upon to charge the jury upon this point, they must have settled the question whether it imposed the obligations of a mutual contract, before submitting the evidence to the jury to determine whether its conditions had been complied with. This is a letter directing the plaintiff to take passage in the ship *Tory,* then about to proceed to Vancouver's Island, and on his arrival at that place, to put himself in connection with the officer superintending the company's affairs, from whom he would receive full instructions for his future guidance. The letter then goes on to state: "It is the intention of the company to place you, in the first instance, in charge of the Nisqually sheep farm, which has been established for some years, with considerable success. They, however, think that under a different system of management, the farm is capable of still further improvement, and from the character the agents have received of your qualifications, they trust that the expectations of the company may be fully realized.

"By the terms of your contract, your salary has been fixed at sixty pounds per annum. Any addition thereto, must depend on the success that attends your labors, and as a stimulus to exertion on your part, I am directed to state, that should your conduct merit the approbation of the officer in charge, he will be instructed to make the emoluments of your office equal to a salary of one hundred and twenty pounds per annum, at the expiration of your engagement."

This letter is all that the plaintiff relies on to sustain his averment of a new contract, for he has declared in his pleadings that the new contract was contained in and evidenced by this letter. We see nothing in this that varies or annuls the contract of October 21; indeed it is confirmatory of that contract, and purports to direct him under the contract. It implicitly contradicts the allegation that there was any change in the field where the plaintiff was to labor, from Vancouver's Island to Nisqually, by the assertion that it was the intention to place him in charge of the sheep farm, at Nisqually, and he was directed to embark for Vancouver's Island, as being on the route to Nisqually. It does not say that by taking charge of the Nisqually sheep farm he will be entitled to receive extra wages, but it does say expressly, that any addition to his wages must depend upon the success which attends his labors. He was bound by the original contract to devote his whole time and services to the company, and not to engage in any other business or employment, or absent himself, without the previous consent of the company. He could do no more or less, if he complied with the terms of that contract. The letter says that as a stimulus to exertion, sixty pounds per annum more would be directed to be paid to him, if his conduct merited the approbation of the officer in charge, at the expiration of his engagement.

This appears to us to be in the light of a mere gratuitous promise on the part of the company, based upon no legal consideration entitling him to recover it by an action at law.

The case as presented by the record, is not one merely where it fails to show the existence of a good cause of action

on the part of the plaintiff, but it goes still further, and comparing the allegations with the proof, establishes negatively, that he in fact has no good cause of action, and that he cannot cure the defect should a new trial be granted.

We therefore order and adjudge that the judgment of the Court below be reversed, and that judgment be, and hereby is, rendered in favor of the plaintiff in error, who was defendant below, and against the defendant in error, who was plaintiff below, for his cost of suit, and that execution from this Court issue therefor.