[No. 39-40266-1.    Division One.    December 15, 1969.]
Panel 2

HOWARD A. SNYDER, *Respondent and Cross-appellant,* v. JAMES E. COX *et al., Defendants,* NATIONAL UNION FIRE INSURANCE COMPANY, *Appellant.*

*McMullen, Brooke, Knapp & Grenier* and *Robert J. Grenier,* for appellant.

*McCrea, Kafer, Gissberg & Wilson* and *Benjamin A. Luchini,* for respondent.

STAFFORD, J.—National Union Fire Insurance Company, the garnishee, appeals from an order that dismissed a writ of garnishment with*out* prejudice to plaintiff Howard A. Snyder's right to seek another writ. Snyder cross-appeals from the dismissal.

Snyder recovered a judgment against James E. Cox and wife for damages arising out of an automobile accident. On August 26, 1966, he secured a writ of garnishment that commanded National to answer (1) the amount it was indebted to the Coxes; (2) the effects belonging to the Coxes which it possessed or controlled; and (3) the number of shares in National owned by the Coxes.

National answered by affidavit on October 16, 1966. It asserted (1) National was not then, nor was it at the time the writ was served, indebted to the Coxes; (2) National did not then, nor did it at the time the writ was served, possess or control any personal property or effects of the Coxes; and (3) the Coxes did not then, nor did they at the time the writ was served, own shares of stock in National.

In October of 1967 Snyder noted the case for trial without having filed the controverting affidavit required by RCW 7.32.160 and RCW 7.32.250. The trial court granted National's motion to strike the setting.

On October 27, 1967, National moved to dismiss the writ with prejudice, alleging that Snyder had failed to file his controverting affidavit. Thereafter, Snyder's *attorney* signed and filed an affidavit on October 31, 1967, 13½ months after National had filed its answer.

Snyder again noted the case for trial and both matters were heard November 13, 1967. The trial court held that RCW 7.32.250 required Snyder's *personal* signature on the controverting affidavit and concluded that the attorney's affidavit was ineffective. The writ was dismissed and National was discharged "without prejudice to the plaintiff [Snyder] to bring another garnishment action." Both parties have appealed.

Snyder maintains RCW 7.32.160 applies only if the garnishee's answer *specifically* *denies* the allegations of the writ. He argues that National's answer was a mere *general denial,* and thus, the matter was at issue, despite the absence of his controverting affidavit, because CR 8(d) requires no response to a general denial. He adds that CR 7(a) authorizes no pleadings other than a complaint, an answer and a reply to a counterclaim denominated as such. Thus, Snyder concludes he was not required to file a controverting affidavit.

■ The argument is without merit. RCW 7.32.270 specifically provides:

> *If the answer of the garnishee is controverted,* . . . *an issue shall be formed,* . . . No pleadings shall be necessary . . . other than the affidavit of the plaintiff, the answer of the garnishee and the reply . . . controverting such answer, . . .

(Italics ours.) *State ex rel. Gamble v. Superior Court,* 190 Wash. 127, 66 P.2d 1135 (1937), provides similarly that a plaintiff's controverting affidavit is necessary *to put the matter at issue.* Finally, CR 81(a) provides for the applicability of the civil rules as follows:

> *Except where inconsistent with* rules or *statutes* applicable to *special proceedings,* these rules shall govern all civil proceedings.

(Italics ours.) Title 7 of RCW denominates garnishment actions as special proceedings. The civil rules are inconsistent with the statutory provisions which govern the *manner* of pleading in such actions. Thus, the civil rules do not apply to the *manner* of pleading in garnishment proceedings.

■ Snyder does not deny his failure to sign the controverting affidavit in the manner required by RCW 7.32.250:

> If the *plaintiff* should not be satisfied with the answer of the garnishee *he* may controvert the same by affidavit in writing signed by *him,* stating that *he* has good reason to believe and does believe that the answer of the garnishee is incorrect, stating in what particulars *he* believes the same is incorrect.

(Italics ours.) He contends, however, his attorney's affidavit was sufficient because CR 11 has abolished the requirement of personal verification. CR 81(a) leads us to a contrary conclusion. CR 11 is not applicable. The failure to comply with RCW 7.32.250 was fatal to Snyder's cause.

■ Finally, Snyder urges that National's answer was neither properly signed nor timely filed. The assignment of error is not well taken. The agreed statement of facts does not indicate that the challenge was raised at the trial level. We shall not consider the issue for the first time on appeal. *Amsbury v. Cowles Publishing Co.*, 76 Wn.2d 733, 458 P.2d 882 (1969); *In re Estate of Barr*, 76 Wn.2d 59, 455 P.2d 585 (1969).

National contends that the trial court erred by failing to dismiss the writ *with prejudice* as required by RCW 7.32.160:

> and should the answer of the garnishee not be controverted as hereinafter provided, *and within the time hereinafter provided*, the court *shall* enter *judgment* discharging the garnishee.

(Italics ours.) An interpretation of the three italicized portions of the statute is necessary.

Unfortunately, the legislature failed to designate the "time" within which to file a controverting affidavit. The oversight was not rectified until a 20-day time limit was established by Laws of 1969, Ex. Ses., ch. 264, § 24. Nevertheless, the oversight did not completely relieve plaintiffs of the duty to file controverting affidavits. To so hold would reduce the statute to an absurdity.

Service of a writ upon the garnishee and his answer thereto do not put a case at issue. *State ex rel. Gamble v. Superior Court, supra.* At that point no issue exists by which the garnishee may force a trial to resolve the question of his liability. Thus, after the garnishee's answer is filed the plaintiff must prosecute his proceeding with reasonable diligence. *Wooding v. Puget Sound Nat'l Bank*, 11 Wash. 527, 40 P. 223 (1895) held that a delay of 2 years between service of the writ and citing the garnishee to

appear and answer was excessive. Professor Orland suggests a more specific answer in 2 Orland, Wash. Prac. § 488(3) (2d ed. 1965):

> The court rules limiting the time within which answers and replies in ordinary pleading may be served and filed furnish a fair guide by which to measure the time that a garnishee should be held by the writ when he denies liability and the statements of facts in his answer are not denied.

■ The idea is sound. Although the civil rules do not apply to the *manner* of pleading, the *time* allotted for *filing* a controverting affidavit is on a different footing. A statutory void exists in the area of *time limitation*. As a result, the civil rules are not inconsistent with the applicable statutes and the civil rules apply in that limited area. CR 81(a). Thus, a controverting affidavit must be filed within 20 days, exclusive of the day of service, after the service of the garnishee's answer. CR 12.[1]

Nevertheless, it cannot be said under any interpretation that Snyder filed a controverting affidavit "within the time hereinafter provided" by RCW 7.32.160. He filed none at all.

The next question is whether the word *shall,* used to prescribe the action of the court, should be interpreted as mandatory or permissive.

A review of the foregoing statutes indicates that a plaintiff is furnished a valuable remedy provided he complies with certain mandatory procedures. Inasmuch as compliance with the procedures has been declared mandatory, it is logical to conclude the legislature intended that a defendant's remedy for plaintiff's noncompliance have an equally imperative result.

---

[1] It is interesting to note that Texas has resolved the problem with a similar result. *First Nat'l Bank v. Foley*, 26 S.W.2d 314 (Tex. Civ. App. 1930). It used as a guide, the time within which the garnishee was authorized by statute to file his answer. It held the plaintiff was entitled to the same latitude. If that reasoning is converted into the framework of this case, a plaintiff would be required to file a controverting affidavit within 20 days (not to exceed 30 days if he lives outside the county). RCW 7.32.100 and RCW 7.32.170.

■ If the right of anyone depends upon giving the word *shall* an imperative construction, the presumption is that *shall* is used in reference to that right or benefit, and it receives a mandatory interpretation. *State v. Mavrikas,* 148 Wash. 651, 269 P. 805 (1928); *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.,* 55 Wash. 1, 103 P. 426, 107 P. 196 (1909-10); *Tolmie v. Dean,* 1 Wash. Terr. 46 (1858); *Wheeler v. Chicago,* 24 Ill. 105, 76 Am. Dec. 736 (1860); *Wisdom v. Board of Supervisors,* 236 Iowa 669, 19 N.W.2d 602 (1945).

■ The *judgment* to which a garnishee is entitled is a *final determination* of the rights of the parties in the action. CR 54(a)(1).[2] Considering this, we hold the word *shall* must be interpreted as mandatory, subject to the necessary limitation that a proper case has been presented for exercise of the power. In this cause a proper case existed. RCW 7.32.160 required the trial court to dismiss the writ of garnishment with prejudice.

The order is remanded to the trial court for modification consistent with this opinion.

HOROWITZ, A. C. J., and UTTER, J., concur.

---

Petition for rehearing denied January 24, 1970.

---

[2]The definition of the term *judgment* was the same under RCW 4.56.010 which was superseded by CR 54(a)(1).