No. 48,868

DR. CHARLES J. PURMA, II, P. A., *Appellant,* v. PATRICIA STARK, *Appellee* and BUDDIE STARK, TERRY STARK, and LARRY STARK, individually and as a Partnership d/b/a S & S ELECTRIC, *Intervenors, Appellees.*

(585 P.2d 991)

Opinion filed October 28, 1978.

*Walter C. Williamson,* of Kidwell & Williamson, Chartered, of Wichita, argued the cause and *Randy S. Stalcup,* of the same firm, was with him on the brief for the appellant.

*John Shirley,* of Wallace, Brantley & Shirley, of Scott City, argued the cause, and *James W. Wallace* and *Keen K. Brantley,* of the same firm, were with him on the brief for the appellee and intervenors.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal from a judgment of the district court in a garnishment proceeding denying the garnishment creditor's claim to funds in a joint bank account. The principal action was brought by the plaintiff-appellant, Dr. Charles J. Purma, II, against the defendant-appellee, Patricia Stark, to recover damages for conversion of funds allegedly taken by the defendant from the plaintiff's bank account during a period of time when the defendant was employed by the plaintiff. The plaintiff, Purma, obtained a judgment against defendant, Patricia Stark, in August of 1975 in the amount of $7,058.84 plus interest. In an attempt to collect this judgment, the plaintiff ran a garnishment on a joint checking account in the First State Bank of Leoti, Kansas, in January of 1976. This joint bank account stood in the names of Buddie Stark, Terry Stark, Larry Stark, and the defendant, Patricia Stark. Buddie Stark, Terry Stark, and Larry Stark intervened in the garnishment proceedings claiming that the

debtor, Patricia Stark, had no beneficial interest in the joint bank account. After a full evidentiary hearing, the district court held that the defendant, Patricia Stark, had no equitable interest in the bank funds and denied the plaintiff's claim to the funds.

Briefly stated, it was the claim of the intervenors that the joint bank account was the business account of S & S Electric, a partnership consisting of Buddie Stark, Terry Stark, and Larry Stark. Patricia Stark was the wife of Buddie Stark. Terry and Larry Stark were their two sons. At the trial, Terry Stark testified that he had opened the partnership account in the First State Bank of Leoti and, at that time, told the bank teller that he wanted the bank account under the ownership of himself, his father, and his brother, but that they wanted to give his mother authority to sign checks. Terry stated that he authorized his mother to sign partnership checks because "it was much easier for her to take care of the check book and she could write a check for freight or material if we were out of town on a job. We ran our business out of the garage at my father's house." Buddie Stark testified that the partnership had authorized Patricia Stark to sign checks, not as a partner, but for freight bills or whatever bills had to be paid. Patricia Stark, on occasion, would write checks to pay the personal expenses of the Buddie Stark home and also to pay for Terry's personal expenses. The testimony was undisputed that such expenses were listed in the partnership ledger as personal deductions and charged against the partner who incurred the expense. Although there was some evidence that Patricia Stark may have deposited wages received by her from Dr. Purma in the account as late as June of 1973, she had not received any income since that time. The testimony of the intervenors' witnesses was to the effect that all funds deposited in the partnership account were derived solely from the business receipts of S & S Electric.

The trial court, in entering judgment in favor of the intervenors, made the following findings of fact and conclusions of law:

"1. That under the circumstances the burden of proof is upon the intervenors to show that Patricia Stark did not own any part of the account involved, was not a partner and had no beneficial interest in the account which was subject to garnishment.

"2. That Mrs. Stark did not own any part of the account involved, was not a partner, had no beneficial interest in the account and that such interest as she did have was the interest of a wife or mother, being allowed to draw family expense checks upon the account.

"3. That S & S Electric is artnership with the partners being Larry Stark, Terry Stark and Bud Stark.

"4. That the account which was established by Plaintiff's Exhibit 1, the depositor's contract and signature card, was not a joint tenancy account. That the depositor's contract and signature card does not contain all of the magic words necessary to create a joint tenancy account under the laws of Kansas.

"5. That the plaintiff's objection to the admission of oral evidence concerning the establishment of the account, intent of the parties, etc., should be overruled.

"6. That regardless of whether or not the account is a joint tenancy account or a tenancy in common that as a matter of law the only interest in the account which can be reached by garnishment is any interest actually owned in the account by Patricia Stark. In other words, regardless of the form of the account, Patricia Stark must actually own a beneficial interest in that account in order for it to be subject to garnishment for her debts. The creditor cannot reach any farther than the debtor could herself. Upon this evidence Patricia Stark in an action against the partnership could not have successfully claimed or recovered a beneficial interest. It follows that anyone attaching or garnisheeing her interest cannot reach any farther than she could."

This case was determined by the district court prior to our decision in *Walnut Valley State Bank v. Stovall,* 223 Kan. 459, 574 P.2d 1382 (1978), where the same basic issues of law were involved as are presented on the appeal in this case. That case held:

"1. The garnishment of a joint tenancy bank account severs the joint tenancy and the parties become tenants in common.

"2. There is a rebuttable presumption of equal ownership between tenants of joint tenancy property.

"3. The burden of proof on a claim the account is owned other than equally between the cotenants lies with the party asserting such claim." (Syl. ¶¶ 1, 2, 3).

On this appeal the plaintiff contends that, under the bank depositors' contract which named defendant Patricia Stark as one of the joint depositors, she was the absolute owner of the bank account as a matter of law and, therefore, all funds in the joint account were subject to garnishment for her debts. The intervenors maintain that only the debtor's actual beneficial interest in the account is subject to garnishment. The plaintiff also takes the position that once the written depositors' contract was proved, parol evidence was not admissible to establish the debtor's interest in the joint bank account to be other than absolute ownership. Both of these points were determined adversely to the plaintiff's position in *Walnut Valley State Bank.*

In this case the plaintiff complains that the trial court found the joint account created by the depositors' contract and signature

card not to be a joint tenancy account but rather a tenancy in common. We find no merit in this contention. The legal principles established in *Walnut Valley State Bank* are just as applicable to a bank account held in a tenancy in common as to one held in joint tenancy. In either case, the only interest in the account which can be reached by garnishment is the interest actually owned by the garnishment debtor.

The plaintiff further contends that there was no substantial competent evidence to support the trial court's findings that Patricia Stark had no equitable interest in the joint bank account. We do not agree. The evidence in the case clearly showed that the joint account was set up as the business account of the S & S Electric partnership. The name of defendant, Patricia Stark, was placed on the account so that she might write checks on the account as a matter of convenience to pay partnership bills when the partners were out of the office at the time bills were presented. The trial court properly placed the burden of proof upon the intervenors to establish that Patricia Stark did not own any part of the joint account as required by our decision in *Walnut Valley State Bank.* In our judgment the intervenors sustained their burden of proof which required them to overcome the rebuttable presumption of equal ownership among the cotenants. The other points raised by the plaintiff in his brief involve the same basic issues discussed above.

The judgment of the district court is affirmed.