[No. 7531–4–I.   Division One.   July 28, 1980.]

ZESBAUGH, INC., *Respondent,* v. GENERAL STEEL FABRICATING, INC., *Defendant,* NATIONAL ASSOCIATION OF CREDIT MANAGEMENT, *Appellant.*

*Gayle E. Bush* and *Quigley, Hatch, Loveridge & Leslie,* for appellant.

*Stephen P. Larson* and *Stafford, Frey & Mertel,* for respondent.

SWANSON, J.—The National Association of Credit Management (NACM) appeals from an order denying its motion to intervene in a garnishment proceeding.

Plaintiff Zesbaugh, Inc., obtained a stipulated judgment against General Steel Fabricating, Inc., in the amount of $4,158. Zesbaugh subsequently served writs of garnishment on General Steel and on garnishee defendants Olympic Bank and Hovde Construction Company. NACM thereafter filed a motion for leave to intervene pursuant to CR 24. In support of its motion, NACM attached a complaint signed by its attorney, alleging that it had a prior perfected security interest in all assets of General Steel, including its bank accounts and accounts receivable. The trial court denied NACM's motion to intervene and entered judgment on the answers of the garnishee defendants.

NACM contends that it had a right to intervene in the garnishment proceedings under CR 24(a)(2), which provides:

> **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In resolving this contention, we initially note that since there is a statutory void in the garnishment statutes as to intervention, the civil rules control except where inconsistent. *Snyder v. Cox,* 1 Wn. App. 457, 462 P.2d 573 (1969).

Under CR 24, the intervenor must demonstrate in its motion that (1) it has an interest relating to the property which is subject to the action, (2) the disposition of the action would impair its ability to protect that interest, (3) its interest is not being adequately represented by existing parties, and (4) the motion to intervene is timely.

*Loveless v. Yantis,* 82 Wn.2d 754, 513 P.2d 1023 (1973); 3A L. Orland, Wash. Prac. § 5282 (1980). A creditor claiming a prior perfected security interest in the property being garnished clearly has an interest relating to the property which will be impaired or impeded if the garnishment proceeding is allowed to continue. In most situations, the secured creditor's interest will be opposed to that of other creditors and, therefore, would not be adequately represented by existing parties in a garnishment proceeding. We hold that upon a proper showing and after following the correct procedure, a secured creditor is entitled to intervene in a garnishment proceeding as a matter of right. *See Fisch v. Marler,* 1 Wn.2d 698, 97 P.2d 147 (1939); 38 C.J.S. *Garnishment* § 277 (Supp. 1979).

A secured creditor seeking to intervene in a garnishment proceeding under CR 24 is required to serve a motion to intervene upon all parties. This motion "shall state the grounds therefor and shall be accompanied by a *pleading* setting forth the claim or defense for which intervention is sought." (Italics ours.) CR 24(c). The question arises as to whether the required pleading must be verified.

In *Snyder v. Cox, supra* at 459, the court stated concerning a similar issue:

> Title 7 of RCW denominates garnishment actions as special proceedings. The civil rules are inconsistent with the statutory provisions which govern the *manner* of pleading in such actions. Thus, the civil rules do not apply to the *manner* of pleading in garnishment proceedings.

Although the garnishment statutes were amended after *Snyder v. Cox, supra,* an analysis of the statutes reveals that all pleadings are required to be verified. Under RCW 7.33.040, the plaintiff or someone in his behalf is required to make application for the writ by means of an affidavit. Similarly, the answer of the garnishee must be verified. RCW 7.33.150. The plaintiff may controvert the answer of the garnishee within 20 days "by affidavit in writing signed by him, stating that he has good reason to believe and does believe that the answer of the garnishee is incorrect, . . ."

RCW 7.33.240, and "[t]he defendant may also in like manner controvert the answer of the garnishee." RCW 7.33.250. RCW 7.33.260 provides:

> If the answer of the garnishee is controverted, . . . an issue shall be formed, under the direction of the court, and tried as other cases: *Provided, however,* No pleadings shall be necessary on such issue other than the affidavit of the plaintiff, the answer of the garnishee and the reply of the plaintiff or defendant controverting such answer, unless otherwise ordered by the court.

The pleadings referred to in the garnishment statutes all require verification either by the party or his or her attorney. Although pleadings under the civil rules generally are not required to be verified under CR 11, it would be inconsistent with the special statutory proceedings for garnishment to permit an unverified pleading. Accordingly, the proper procedure for intervention under CR 24 is for the intervenor to file a motion setting forth the grounds for intervention and attach to the motion a *verified* pleading.

In this case, NACM did not file a pleading in the manner prescribed by the garnishment statute. The complaint attached to the motion for intervention was not verified. Because the pleading was not in proper form, the trial court did not err in denying the motion to intervene.

Affirmed.

CALLOW, C.J., and ANDERSEN, J., concur.

Reconsideration denied August 28, 1980.

Review granted by Supreme Court October 24, 1980.