[No. 47302–1.   En Banc.   May 14, 1981.]

ZESBAUGH, INC., *Respondent*, v. GENERAL STEEL
FABRICATING, INC., *Defendant*, NATIONAL
ASSOCIATION OF CREDIT MANAGEMENT,
*Petitioner.*

*Quigley, Hatch, Loveridge & Leslie,* by *Gayle E. Bush,* for petitioner.

*Stafford, Frey & Mertel,* by *Stephen P. Larson,* for respondent.

DORE, J.—Petitioner National Association of Credit Management (NACM) held a security interest in assets of General Steel Fabricating, Inc. (General Steel) which became the subject of a garnishment proceeding. NACM sought to protect its interest by intervening in the garnishment procedure. Its complaint in intervention was found defective by the trial court because it was not verified.

Intervention was denied. The Court of Appeals affirmed. *Zesbaugh, Inc. v. General Steel Fabricating, Inc.,* 26 Wn. App. 929, 614 P.2d 699 (1980). We reverse.

Plaintiff Zesbaugh obtained a stipulated judgment against defendant General Steel. To execute on that judgment, plaintiff had issued writs of garnishment upon Olympic Bank and Hovde Construction Company, the garnishee defendants. Garnishee defendants answered the writs admitting there were sums owing to General Steel. Neither plaintiff nor defendant filed controverting answers to the garnishee defendants' answers to the writs.

The Court of Appeals correctly held that intervention would be the proper mode for petitioner to protect its interest in the property subject to the garnishment proceeding. *See Zesbaugh,* at 931; *Fisch v. Marler,* 1 Wn.2d 698, 97 P.2d 147 (1939); 38 C.J.S. *Garnishment* § 276 (1943). The sole remaining issue is whether the complaint in intervention must be *verified.*

The garnishment procedure is set forth in RCW 7.33-.010-.390. Nowhere are intervenors mentioned. For this reason, petitioner argues that CR 24[1] and CR 11[2] should control; no verification is required by those rules. Respon-

[1]Rule 24 in pertinent part, reads:

"(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"(b) **Permissive Intervention.** Upon timely application, anyone may be permitted to intervene in an action:

"(1) when a statute confers a conditional right to intervene; or

"(2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirements, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

dent (plaintiff in the garnishment proceeding) answers that the writ was properly made out, that the garnishee defendants answered that they had property due and owing to defendant, and that neither plaintiff nor defendant filed controverting answers. Therefore, "the court shall render judgment for the plaintiff against such garnishee . . ." RCW 7.33.200. The word "shall" in that section leaves no room for judicial discretion. *Snyder v. Cox,* 1 Wn. App. 457, 462 P.2d 573 (1969).

Respondent argues that because no parties filed controverting answers to the garnishee defendants, the proper procedure for petitioner would have been to file a controverting answer. In that RCW 7.33.240 and RCW 7.33.250 require such answers to be verified, and as petitioner failed to file a controverting answer, his motion to intervene was properly denied. Respondent ignores the statute's direction that *defendant* and *plaintiff* must file the controverting affidavits; intervenors are not directed by RCW 7.33 to do anything. Furthermore, NACM had no reason to controvert the answers which stated, to NACM's satisfaction, that cer-

---

"(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon all the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

2       "Rule 11
"SIGNING OF PLEADINGS
"Every pleading of a party represented by an attorney shall be dated and signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign and date his pleading and state his address. Petitions for dissolution of marriage, separation, declarations concerning the validity of a marriage, custody, and modification of decrees issued as a result of any of the foregoing petitions shall be verified. Other pleadings need not, but may be, verified or accompanied by affidavit. The signature of a party or of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a wilful violation of this rule an attorney may be subjected to appropriate action as for contempt. Similar action may be taken if scandalous or indecent matter is inserted."

tain assets of General Steel were held by the garnishee defendants.

In *Snyder v. Cox, supra*, the plaintiff wished to controvert the answer of the garnishee. The then–existing garnishment statute required that plaintiff provide an affidavit which plaintiff failed to do. The court found this omission "fatal to Snyder's cause". *See Snyder*, at 460. Snyder had attempted to rely on CR 11 which provides for verified pleadings only in specific cases, garnishment answers not being among them. The *Snyder* court resolved this direct inconsistency between the civil rules and the garnishment statute, relying on CR 81(a)[3] which provides for the application of the civil rules except where the rules are inconsistent with statutes applicable to special proceedings. Garnishment is a special proceeding; the civil rule must give way to the express provision in the statute.

The Court of Appeals in the subject case relied on *Snyder*. It held that the garnishment statutes require verification either by the party or his/her attorney for each pleading filed in the garnishment proceeding. RCW 7.33-.040, RCW 7.33.150, RCW 7.33.240 and RCW 7.33.250. Although CR 11 did not require verification for all pleadings, "it would be inconsistent with the special statutory proceedings for garnishment to permit an unverified pleading". *See Zesbaugh*, at 932.

The Court of Appeals reliance on *Snyder* is misplaced. In *Snyder* there was an *express inconsistency* between the civil rules and the statute. Therefore, CR 81(a) mandated that the statute control. In the subject case, there is no inconsistency, express or otherwise, between a civil rule and the garnishment statute. To the contrary, there exists a

---

[3] "RULE 81
"APPLICABILITY IN GENERAL
"(a) To What Proceedings Applicable. Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules."

hiatus in the law on this issue. We must determine the best way to provide for intervention in a garnishment proceeding, without infringing on any policy behind either the garnishment statute or the civil rules.

■ Good faith in instituting the garnishment proceeding seems to be the gravamen of the verification requirement. *See* RCW 7.33.040, RCW 7.33.150, RCW 7.33.240 and RCW 7.33.250 of the verification requirement. This "spirit" of the verification requirement is adequately satisfied by CR 11. That rule explains that the signature of a party or his/her attorney

> constitutes a certificate by him that he had read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it . . .

It would be unfair to require verified pleadings for intervenors in garnishment proceedings. First, although the technical requirements of the garnishment statutes cannot be ignored, *Boundary Dam Constructors v. Lawco Contractors, Inc.,* 9 Wn. App. 21, 510 P.2d 1176 (1973), the complaint in intervention is not one of the pleadings required by the statute. *See* RCW 7.33.260. We find no violation of the garnishment procedure in permitting an unverified pleading. Second, the civil rules do not require such verification for complaints in intervention. Third, no disadvantage to any party will result by allowing the complaint in intervention to be unverified.

We reverse and remand to the trial court for entry of an order authorizing petitioner's intervention.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DIMMICK, JJ., concur.