(648 P.2d 258)

No. 53,481

ROBERT V. DAILEY and AMY K. DAILEY, *Appellees,* v. WILLIAM H. WALDEN, JR., *Defendant,* and ALICE WALDEN and CACE INVESTMENT, INC., *Appellants.*

Opinion filed July 15, 1982.

*Carl S. Black* of McDowell, Rice and Smith, Chtd., of Kansas City, for the appellants.

*Micheline Z. Burger* of Romain, Burger & Singer, Chartered, of Overland Park, for the appellees.

Before SPENCER, P.J., PARKS, J., and RONALD D. INNES, District Judge Assigned.

INNES, J.: Appellants Alice Walden and CACE Investment, Inc., appeal from the trial court's decision denying them what they claim to be improperly garnished funds.

The facts which gave rise to this dispute are as follows: The plaintiffs, Robert V. Dailey and Amy K. Dailey, successfully sued the defendant, William H. Walden, Jr., on a promissory note. The judgment for plaintiffs was entered on September 3, 1980. Thereafter, the plaintiffs initiated several garnishments in an effort to satisfy the judgment.

Two of the garnishees were Melvin Herndon and Mary Herndon who were tenants at 6334 Millbrook, Shawnee, Kansas. The record owners of the property were the defendant, William H. Walden, Jr., and the appellant-intervenor Alice R. Walden, who

had purchased the property on October 1, 1976, and held it as joint tenants with the right of survivorship.

The first order of garnishment initiated by the plaintiffs was served on the garnishees, the Herndons, on March 11, 1981. On March 17, 1981, the garnishees filed their answer. As for money or indebtedness due the defendant they answered: "I owe a Lease payment on April 1, 1981." They did not specify the amount of the payment.

A second order of garnishment was served on the Herndons on April 1, 1981. They answered on April 20, 1981. The answer stated that they were holding the April 1, 1981, lease payment in the amount of $525.00.

The first two garnishments apparently resulted in the plaintiffs collecting $525.00 toward their judgment since the second garnishment would have attached the same funds sought by the first. At any rate, an order of payment was entered on May 13, 1981, by the trial court directing that the garnishees, the Herndons, pay the $525.00 to the clerk of the court and then to the plaintiffs' attorney. This order evidences that the source of the funds to be paid into court was evidenced by the first garnishment answer filed March 17, 1981, although apparently the funds were being held pursuant to the second answer of the garnishees filed April 20, 1981.

A third and final order of garnishment was served on the Herndons on April 30, 1981. By their answer to that garnishment they stated they owed a lease payment to the defendant on May 1, 1981, in the amount of $525.00.

Attached to the second answer of the garnishees was a letter from the Westgate State Bank, Kansas City, Kansas, which recited that the Waldens had assigned the lease payments to the bank. An assignment was included which was signed only by the defendant. This assignment was dated May 6, 1980.

On May 5, 1981, CACE Investment Company began doing business. On May 6, 1981, CACE purchased 6334 Millbrook from William Walden and Alice Walden. It is not disclosed who the stockholders of CACE might be.

The rent was due to Walden on May 1, 1981, for the month of May. On June 3, 1981, Alice Walden, through her attorney, filed a motion in this case requesting return of one-half of all garnished funds from the plaintiffs. Alice Walden admits she was not a party

to that action and there was no application for intervention pursuant to K.S.A. 60-224. It appears William Walden has never appeared in any garnishment proceeding.

On June 8, 1981, CACE moved for the return of $437.50 of the $525.00 May rental garnished pursuant to the journal entry in the captioned case. CACE was represented by the same attorney as Alice Walden. Again, no application for intervention was filed pursuant to K.S.A. 60-224.

On the 24th day of June, 1981, the court ordered the garnishee to pay the funds held by virtue of their May 1, 1981, answer to the clerk of the court, who then was ordered to disburse them to plaintiffs' attorney.

On the 26th day of June, 1981, the motions of the appellants were overruled. The basis for this decision was that appellant Alice Walden had failed to timely object pursuant to K.S.A. 60-718(c) and because CACE took the realty subject to the garnishment.

The appellants argue that the trial court erred in ruling that: (1) A person or entity not a party in the original suit or a garnishee was bound by the time provisions of K.S.A. 60-718(c); (2) the interests of Alice Walden were subject to garnishment in satisfaction of the judgment debt of her husband; and (3) a third-party purchaser for value, without notice of a garnishment, took subject to a garnishment on real property.

As a preliminary matter, it must be noted that neither appellant was a party to the lawsuit when the motions were filed and therefore, technically, had no authority to file motions in the case. However, given the liberal construction given to the Code of Civil Procedure, K.S.A. 60-102, the motions for return of garnished funds could also be treated as applications to intervene which the trial court implicitly granted by ruling on the merits of the motion. Cf., Gilley v. Farmer, 207 Kan. 536, 539-40, 485 P.2d 1284 (1971) (court allowed motion for summary judgment in garnishment case; held K.S.A. 60-102 applied to garnishment); Vernon's Kansas C. Civ. Proc. § 60-102 (1963), Authors' Comments.

Appellees contend that the intervention is not permissible because the Kansas statutes on garnishment are silent on the propriety of intervention. Kansas has no case law in this subject; intervention in a garnishment action in Kansas has occurred

although neither party raised the issue. *Purma v. Stark,* 224 Kan. 642, 585 P.2d 991 (1978). The State of Washington did face the question, however, and stated:

"NACM contends that it had a right to intervene in the garnishment proceedings under CR 24(a)(2), which provides:

'Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In resolving this contention, we initially note that since there is a statutory void in the garnishment statutes as to intervention, the civil rules control except where inconsistent. *Snyder v. Cox,* 1 Wn. App. 457, 462 P.2d 573 (1969)." *Zesbaugh, Inc. v. General Steel,* 26 Wash. App. 929, 930, 614 P.2d 699 (1980).

The Supreme Court of Washington reversed the decision of the appeals court on other grounds, but specifically approved the conclusion that intervention is proper in garnishment actions. *Zesbaugh, Inc. v. General Steel,* 95 Wash. 2d 600, 601, 627 P.2d 1321 (1981).

In 38 C.J.S., Garnishment § 277(a), it is stated that some jurisdictions do not permit intervention in garnishment cases absent statutory authority; however, research of more current case law indicates no support for that rule and it appears timely intervention should be permitted. See, *e.g., Pine Bluff Nat'l Bank v. Parker,* 253 Ark. 966, 490 S.W.2d 457 (1973) (garnishment statute silent on intervention); *El Paso County Bank v. Charles R. Milisen & Co.,* ____ Colo. App. ____, 622 P.2d 594 (1980) (Colo. Rev. Stat. § 103[o] allows intervention in garnishment action). From this, it appears intervention may be proper in a garnishment proceeding.

However, intervention must be timely sought. Generally, where there are no time provisions in the statute, the application must be made before the garnishment is satisfied. 38 C.J.S., Garnishment § 277(c). Here, the March and April payments were apparently already paid over to the plaintiffs in satisfaction of their garnishment request in those months. Therefore, Alice Walden's motion to intervene and motion for return of garnished funds for March and April were not timely filed and should not have been granted. However, they were, as was CACE's concerning the May garnishment.

Do the time limitations of K.S.A. 1981 Supp. 60-718(*c*) apply?

K.S.A. 1981 Supp. 60-718(c) states in pertinent part:

"The clerk shall cause a copy of the answer to be mailed promptly to the plaintiff and the defendant. Within twenty (20) days after the filing of the answer the plaintiff or the defendant or both of them may reply thereto controverting any statement in the answer. . . . If the garnishee answers as required herein and no reply thereto is filed, the allegations of the answer are deemed to be confessed. If a reply is filed as herein provided, the court shall try the issues joined, the burden being upon the party filing the reply to disprove the sworn statements of the answer, except that the garnishee shall have the burden of proving offsets or indebtedness claimed to be due from the defendant to the garnishee, or liens asserted by the garnishee against property of the defendant."

Garnishment is a creature of and governed by statute. *Bollinger v. Nuss,* 202 Kan. 326, 342, 449 P.2d 502 (1969). In construing statutes, when statutory language is plain and unambiguous, a court must follow that language. *Krauzer v. Farmland Industries, Inc.,* 6 Kan. App. 2d 107, Syl. ¶ 4, 626 P.2d 1223, *rev. denied* 229 Kan. 670 (1981). Here the intervenors are neither plaintiffs, defendants nor garnishees so the statute does not apply. Furthermore, considerations of fundamental fairness would preclude applying this time limitation to an intervenor when it does not appear the intervenor was given notice of the action under the statute. *Cf., Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 314, 94 L.Ed. 865, 70 S.Ct. 652 (1950) ("elementary and fundamental requirement of due process in any proceeding . . . is notice . . . and afford them an opportunity to present their objections."); see also *Board of Leavenworth County Comm'rs v. Cunningham,* 5 Kan. App. 2d 508, 510, 619 P.2d 525 (1980), *rev. denied* 229 Kan. 669 (1981).

Considering the circumstances in this case, it appears the trial court was correct in denying Alice Walden's motion for the return of the garnished funds of March and April, not because the 20-day time limit of K.S.A. 1981 Supp. 60-718(c) had passed, but because the intervenor did not timely file the motion, as the funds had already been paid over to the plaintiffs in satisfaction of the order. 38 C.J.S., Garnishment § 277(c). The decision of a trial court should be affirmed if correct, even if based on erroneous grounds. *Farmers State Bank v. Cooper,* 227 Kan. 547, Syl. ¶ 10, 608 P.2d 929 (1980). The May garnishment intervention was timely, however, because that money was not paid over until after the motion was made.

This case must be remanded to the trial court for findings of

fact as to whether Alice Walden had an interest in the property. A jury trial would not be mandatory for such findings. *Bollinger v. Nuss,* 202 Kan. at 342.

Were the interests of Alice Walden subject to garnishment in satisfaction of the judgment debt of her husband? A review of the agreed statement of facts does not support the appellants' contention that the court made such a finding. Such a ruling would be clear error because garnishment of joint tenancy property severs the joint tenancy and the garnishor can only seize that property which belongs to the judgment debtor. *Purma v. Stark,* 224 Kan. at 645; *Walnut Valley State Bank v. Stovall,* 223 Kan. 459, 462-63, 574 P.2d 1382 (1978).

Does a third-party purchaser for value, without notice of a garnishment, take subject to a garnishment on real property? As a general rule, rental payments which accrue before passing of title belong to the grantor without apportionment to the grantee. *Stephenson v. Patton,* 86 Kan. 379, 384, 121 Pac. 498 (1912); 52 C.J.S., Landlord & Tenant § 531. Here, the evidence shows the rental was due on May 1, 1981. As such, the rental accrued to CACE's predecessor in interest, either William Walden or William and Alice Walden, and CACE had no interest in the rental for the month of May. See, *e.g., Veatch v. Laskey,* 29 Colo. App. 31, 477 P.2d 468 (1970).

Inasmuch as the appellant-intervenor Alice Walden may have an interest in the May, 1981, proceeds and timely intervened, we reverse and remand for further proceedings consistent with this opinion. The decision as to CACE Investment, Inc., is affirmed.