IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LIVEOAK VENTURE PARTNERS I, | ) | |
| L.P.; LIVEOAK VENTURE PARTNERS | ) | No.  38280-0-III |
| lA, L.P.; THOMAS J. GALVIN; | ) | |
| KENNETH L. and VIRGINIA T. | ) | |
| BOYDA, AS TRUSTEES OF THE | ) | |
| BOYDA FAMILY REVOCABLE | ) | |
| TRUST DATED 10/ 12/1990; and JIRI | ) | UNPUBLISHED OPINION |
| AND ROSEMARY MODRY, | ) | |
| AS TRUSTEES OF THE JRAM TRUST | ) | |
| UDT DATED 8/12/1996, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DYNACOLOR, INC., and WARREN | ) | |
| CHEN, | ) | |
| | ) | |
| Appellants. | ) | |

FEARING, J. — After the superior court ordered a garnishee defendant to pay

money owed to the judgment debtor into the court registry, the garnishee defendant

discovered that it owed the judgment debtor more money than disclosed in its answer to

the writ of garnishment. May the superior court enter a new or amended order directing the garnishee defendant to deposit the additional amount with the court while the first order to pay pends an appeal and without permission from the appellate court? We answer in the affirmative and affirm the superior court.

FACTS

This appeal is the second of two appeals by Texas judgment debtor DynaColor, Inc. from superior court orders directing garnishee defendant, PC Open, to pay money to the court to retire in part the judgment debt owed judgment creditors Thomas J. Galvin; LiveOak Venture Partners I, L.P; LiveOak Venture Partners 1A, L.P; Kenneth L. and Virginia T. Boyda, as Trustees of the Boyda Family Revocable Trust; and Jiri and Rosemary Modry, as Trustees of the JRAM Trust. We refer to the judgment creditors collectively as judgment creditors.

In our first decision, we affirmed the superior court's denial of DynaColor's motion to quash the garnishment directed to PC Open. DynaColor argued numerous purported procedural defects defeated the garnishment. DynaColor also contended that the debt owed by PC Open to it was a contingent and unliquidated debt and thus not subject to garnishment. We narrated, in our earlier decision, the details behind the judgment creditors Texas judgment against DynaColor, the relationship between DynaColor and garnishee defendant, PC Open, and the traps encountered by the

2

judgment creditors when navigating the garnishment process in Washington State superior court.

PROCEDURE

On December 30, 2020, following the superior court's entry of an order instructing PC Open to pay $202,127.50 into the court registry, DynaColor initiated its first appeal. On January 8, 2021, PC Open filed, in the superior court, a motion to amend its initial answer to the writ of garnishment and to deposit an additional $43,405 into the court registry. PC Open wrote that it had found two additional invoices that it failed to include in its initial answer to the writ of garnishment but believed to be subject to the writ. PC Open admitted that nothing in chapter 6.27 RCW expressly permitted it to amend the initial answer. It cited CR 67 as the basis for its amendment answer.

The superior had issued the writ of garnishment on October 2, 2020. PC Open received the writ of garnishment on October 16, 2020. PC Open received one of the two additional invoices, this one for $42,970, via e-mail on September 29, 2020, for goods received on November 2, 2020. PC Open received the other invoice for $435 on October 16, 2020 for goods received that same day. PC Open failed to enter either invoice into its payables software until after October 16.

DynaColor opposed PC Open's motion to deposit the $43,405. The superior court directed PC Open to deposit additional amount owed to DynaColor into the court

registry. The judgment creditors later filed a motion to release the $43,405. Against

DynaColor's objection, the superior court granted the motion to release funds.

LAW AND ANALYSIS

On appeal, DynaColor contends the superior court lacked authority to disburse the

additional sums deposited with the court because the case was pending before this court,

the Washington Court of Appeals. DynaColor also argues that the garnishment statutes

do not authorize a garnishee defendant to amend its answer to the writ of garnishment by

disclosing additional amounts owed at the time of the garnishment once the court ordered

money released based on the initial answer to the garnishment. DynaColor also repeats

arguments asserted in its first appeal. We do not address those contentions asserted

during the first appeal.

Superior Court Authority While Case on Appeal

DynaColor, based on RAP 7.2, assigns error to the superior court's entering an

order releasing the additional $43,405 to judgment creditors, without this court's

permission, during the time this case pended in this reviewing court. RAP 7.2 governs

the authority of a superior court while a case pends before the court of appeals. The rule

reads in relevant part:

> (a) Generally. After review is accepted by the appellate court, the
> trial court has authority to act in a case only to the extent provided in this
> rule, unless the appellate court limits or expands that authority as provided
> in rule 8.3.
> . . . .

4

> (e) Postjudgment Motions and Actions to Modify Decision. The trial court has authority to hear and determine (1) postjudgment motions authorized by the civil rules, the criminal rules, or statutes, and (2) actions to change or modify a decision that is subject to modification by the court that initially made the decision. The postjudgment motion or action shall first be heard by the trial court, which shall decide the matter. If the trial court determination will change a decision then being reviewed by the appellate court, the permission of the appellate court must be obtained prior to the formal entry of the trial court decision.

(Boldface omitted.)

Washington decisions cited by both parties fail to aid in interpretation of RAP 7.2 in the context of garnishment proceedings and the deposit of additional funds mistakenly overlooked earlier. The judgment creditors justify the postjudgment order to pay and distribute funds under CR 67, the rule which PC Open cited when moving to deposit the $43,405 with the superior court. CR 67 provides for deposits with the court in satisfaction of a judgment. Nevertheless, the civil rule does not contemplate the garnishee defendant reopening proceedings in order to correct an earlier court answer to writ of garnishment.

We deem *State v. J-R Distributors, Inc.*, 111 Wn.2d 764, 765 P.2d 281 (1988) controlling. The State of Washington appealed a ruling made by the superior court requiring the return of illegally seized property. The superior court issued its ruling while the suit lay pending before the Supreme Court. The State argued before the Supreme Court that the superior court lacked jurisdiction to issue the order while the case rested on appeal unless the defendant first obtained permission from the Supreme Court. Based on

RAP 7.2, the Court disagreed. The Supreme Court noted that RAP 7.2 changed the earlier practice that demanded the movant to always file a motion in the appellate court seeking permission to file a postjudgment motion in the superior court. RAP 7.2 eliminates unnecessary work for the appellate court. RAP 7.2 intended to grant more authority to the superior court. Because the superior court's ruling did not affect the decision already on review, the property owner did not need to seek Supreme Court approval before filing the postjudgment motion for return of its property.

The superior court's review of PC Open's amended answer to the writ of garnishment, the superior court's order allowing the deposit of the $43,405, and the court's distribution of the sum to the judgment creditors did not contradict or interfere with this reviewing court's entertainment of DynaColor's first appeal. Therefore, RAP 7.2 did not bar the handling of the $43,405 by the superior court.

Statutory Authority for Deposit and Distribution of Newly Discovered Funds

DynaColor argues that PC Open could not deposit the additional funds and the superior court could not distribute the funds to the judgment creditors, because (1) PC Open had been discharged from the garnishment proceedings and (2) the garnishment statutes do not expressly provide for such a circumstance. We agree that the garnishment statutes do not provide any procedure for a garnishee to amend its initial answer. This omission from the statutes does not end our inquiry.

In addition to chapter 6.27 RCW, the Washington Civil Rules control a garnishment proceeding unless a rule contravenes a garnishment statute. CR 81 declares:

> (a) To What Proceedings Applicable. Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.

(Boldface omitted.) In *Snyder v. Cox*, 1 Wn. App. 457, 462 P.2d 573 (1969), this court held that a general denial, pursuant to CR 8, did not suffice to controvert a garnishment because of a specific garnishment statute that read no pleadings were required other than an affidavit signed by the party. *Snyder v. Cox*, 1 Wn. App. 457, 459 (1969) (citing former RCW 7.32.270). The garnishment statute superseded the civil rule.

CR 59(a)(4) allows for amendment of judgments and orders on the discovery of new evidence that the party could not have reasonably discovered earlier. CR 60(b) allows relief from a judgment as a result of mistakes, inadvertence, or surprise. No garnishment statue contradicts these two civil rule provisions. DynaColor does not contend that PC Open's failure to notice the two invoices earlier was anything other than inadvertence.

DynaColor emphasizes two principles in arguing that the garnishment statutes do not permit an amended answer after an order to pay. First, garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute. *Watkins v. Peterson Enterprises, Inc.*, 137 Wn.2d 632, 640, 973 P.2d 1037 (1999).

Second, we strictly construe the garnishment statute against the party seeking the remedy. *Watkins v. Peterson Enterprises, Inc.*, 137 Wn.2d 632, 646 (1999). We add a third rule of statutory construction more important to this appeal. We should be guided by reason and common sense. *Kelso v. City of Tacoma*, 63 Wn.2d 913, 917-18, 390 P.2d 2 (1964).

The original writ of garnishment indicated the total amount of the underlying judgment exceeded $30,000,000. The stipulated order for the initial payment of $202,127.50 purported to relieve and discharge PC Open from the garnishment action. But the order discharging PC Open assumed that the purchaser of DynaColor's goods had accurately answered the writ of garnishment. PC Open did not violate any rule by correcting the record after its discharge. We commend PC Open for its honesty and diligence in correcting its answer to the garnishment.

## Attorney Fees

DynaColor moves for attorney fees as a prevailing party under RCW 6.27.230 and RAP 18.1. Because DynaColor does not prevail, we deny its request.

## CONCLUSION

We affirm the superior court's disbursal of the $43,405 to judgment creditors.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.