In re DRUM CORPS ASSOCIATION OF SPOKANE d/b/a Renaissance Drum & Bugle Corps, a non-profit Washington corporation, Debtor.

SEATTLE–FIRST NATIONAL BANK, a national banking corporation, Plaintiff,

v.

DRUM CORPS ASSOCIATION OF SPOKANE d/b/a Renaissance Drum & Bugle Corps, a non-profit Washington corporation, Defendant.

Bankruptcy No. 81–00856–121.
No. A81–0415–121.

United States Bankruptcy Court,
E. D. Washington.

Sept. 8, 1982.

C. Matt Andersen of Winston & Cashatt, Spokane, Wash., for plaintiff, Seattle-First Nat. Bank.

John Bury of Murphy, Bantz & Bury, Spokane, Wash., for defendant, Drum Corps Ass'n of Spokane.

Joseph A. Esposito of Parry & Esposito, Spokane, Wash., for trustee.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

This matter is before the Court for trial on plaintiff, Seattle-First National Bank's complaint to lift stay pursuant to 11 U.S.C. § 362 and defendant, Drum Corps Association of Spokane, by the trustee, counter claim for turn over of funds pursuant to 11 U.S.C. § 542 and preferential transfer pursuant to 11 U.S.C. § 547.

## FACTS

On May 11, 1981, the Debtor, DRUM CORPS ASSOCIATION OF SPOKANE, filed a Voluntary Petition for Relief under Chapter 7 of the Code. Scheduled among the assets of the Estate were a number of bank accounts at SEATTLE–FIRST NATIONAL BANK in Spokane, Washington, which contained the sum of $739.02 at the time of filing. In addition, the bank had removed $3,771.00 from two of the DRUM CORPS accounts which it was holding under a Writ of Garnishment served on April 20, 1981. WINSTON & CASHATT, as attorneys for garnishee, answered the Writ of Garnishment on April 24, 1981, acknowledging that the bank was holding $3,771.00 of the Debtor's funds for the Plaintiff of the Writ, GARTH BENHAM. An Order to pay out of the Court said funds was entered on May 11, 1981, but was subsequently stayed by the Debtor's filing of a Bankruptcy Petition on the same day. The $3,771.00 was subsequently returned by the bank to the Debtor's accounts after an Order Releasing Garnishment was entered on June 17, 1981, at the request of the Trustee. The bank now claims a right to setoff the current balance of $4,334.97 in the various DRUM CORPS ASSOCIATION accounts against the indebtedness of $28,529.56, plus interest and late charges, owed by the Debtor to the bank.

On February 25, 1981, and March 19, 1981, within ninety days of bankruptcy, DRUM CORPS ASSOCIATION issued Check Nos. 1035 and 1039 in the amount of $700.00 each to SEATTLE–FIRST NATIONAL BANK as payments on the above indebtedness, which was secured by a security interest in musical instruments and business equipment. These items were subsequently abandoned to the bank, which will realize approximately $6,000.00 upon sale of the collateral.

## ISSUES

There are two issues which the Court must decide. First is the $3,771.00 that was

subject to the Writ of Garnishment subject to setoff pursuant to 11 U.S.C. § 553 by the bank or is it property of the debtor's estate and subject to turn over by the trustee pursuant to 11 U.S.C. § 542. Second, were check Nos. 1035 and 1039 in the amount of $700.00 each received by plaintiff within ninety days of debtor's filing its petition in bankruptcy preferential in nature and subject to recovery by the trustee pursuant to 11 U.S.C. § 547.

### DISCUSSION

As to the first issue at hand the pertinent code sections and state law are as follows:

R.C.W. 7.33.140 Effect of service of writ

From and after the service of such writ of garnishment, it shall not be lawful, except as directed by the court, for the garnishee to pay any debt owing to the defendant at the time of such service, or to deliver, sell or transfer, or recognize any sale or transfer of, any personal property or effects belonging to the defendant in the garnishee's possession or under his control at the time of such service; and any such payment, delivery, sale or transfer shall be void and of no effect as to so much of said debt, personal property or effects, shares, or interest as may be necessary to satisfy the plaintiff's demand: *Provided, however,* That in case the garnishee is a bank, banking association, mutual savings bank or savings and loan association maintaining branch offices, service must be made as provided for in RCW 7.33.130, and shall only be effective to attach the accounts, credits, or other personal property of the defendant in that particular branch upon which service is made and to which the writ is directed: *Provided further,* That this section shall have no effect as to any portion of a debt which is exempt from garnishment: *And Provided further,* That garnishee shall incur no liability for releasing funds or property in excess of the amount stated in the writ of garnishment where garnishee shall continue to hold an amount equal to the amount stated in the writ of garnishment.

11 U.S.C. § 553. Setoff

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title:

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the debt of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition:

(B) while the debtor was insolvent: and

(C) for the purpose of obtaining a right of setoff against the debtor.

(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

932

(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

(c) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

11 U.S.C. § 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commence of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after commencement of the case.

(b) Property of the state does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor.

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the es-

tate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

(e) The estate shall have the benefit of any defense available to the debtor as against an entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

11 U.S.C. § 542. Turnover of property to the estate.

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

(c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

(d) A life insurance company may transfer property of the estate or property of the debtor to such company in good faith, with the same effect with respect to such company as if the case under this title concerning the debtor had not been commenced, if such transfer is to pay a premium or to carry out a nonforfeiture insurance option, and is required to be made automatically, under life insurance contract with such company that was entered into before the date of the filing of the petition and that is property of the estate.

(3) Subject to any applicable privilege, after notice and a hearing, the Court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to disclose such recorded information to the trustee.

When the plaintiff was served with the writ of garnishment it answered said writ pursuant to R.C.W. 7.33.150. It is the Court's finding that plaintiff should have within its answer asserted its ownership or right to setoff of said funds, *American Fidelity Fire Ins. Co. v. Paste-Ups, Unlimited, Inc.*, 368 F.Supp. 219 (1974), or intervened in the action claiming an interest in said funds. *Zesbaugh, Inc. v. General Steel Fabricating, Inc.* (1980) 26 Wash.App. 929, 614 P.2d 699, (reversed on other grounds, 95 Wash.2d 600, 627 P.2d 1321). Since plaintiff did neither and held said funds for the garnishee plaintiff those funds were no longer being held in the ordinary course of business by the bank and therefore, not subject to setoff pursuant to 11 U.S.C. § 553(a) because of lack of mutuality, nor did the facts fit within exceptions in § 553, when the debtor filed its petition in bankruptcy. Since the order to pay out was stayed the debtor still possessed an interest in those funds and said funds became property of the estate pursuant to 11 U.S.C. § 541(a) and the trustee had a right to turnover of said funds pursuant to 11 U.S.C. § 542.

The second issue concerns the question of whether the two checks Nos. 1035 and 1039 in the amount of $700.00 each received by

the bank within 90 days of the debtor's filing its petition constitutes a voidable preference pursuant to 11 U.S.C. § 547. The Court at the time of the hearing orally ruled that said payments were not voidable and could not be recovered by the trustee.

In light of the foregoing which the Court adopts as its Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 752 it is:

ORDERED that plaintiff Seattle-First's complaint for setoff is hereby denied, that defendant trustee's counterclaim for turnover of property is granted and avoidance of preferential transfer is hereby denied.

FURTHER ORDERED that counsel for the trustee submit an Order in conformity with the foregoing.